# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ANDREW THOMPSON,<br><br>Plaintiff,<br>v.<br><br>KEVIN MCCLANAHAN, *et al.*,<br><br>Defendants. | Case No. 3:26-cv-00389-SLG |

## ORDER OF DISMISSAL UPON SCREENING

On November 3, 2026, self-represented litigant Andrew Thompson (Plaintiff) filed a one-page civil complaint and an application to proceed without paying the filing fee.[1] The Court has screened Plaintiff's case in accordance with 28 U.S.C. 1915(e) and finds that it is "frivolous or malicious," and "fails to state a claim on which relief may be granted," both of which are grounds for dismissal.[2]

Plaintiff's Complaint, consisting of a single typewritten page, fails to state a claim because it does not allege any injuries traceable to any particular Defendant's conduct that a court could possibly resolve.[3] Additionally, the Complaint lacks any basis upon which the Court can establish it has personal jurisdiction over the named Defendants or could be considered a proper venue for

[1] Dockets 1-2.

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *See* Rule 8 of the Federal Rules of Civil Procedure.

this action.[4] Further, the Complaint here resembles pleadings filed in dozens of federal courts across the country, including this Court, demonstrating a pattern of vexatious litigation that wastes judicial resources.[5]

For these reasons, Plaintiff's Complaint must be dismissed. The Court finds that giving Plaintiff the opportunity to amend the Complaint would be futile.[6] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[7]

**Plaintiff is cautioned against bringing legally or factually unsupported claims in the District of Alaska.** While a federal court may act with some leniency toward those without legal training, Plaintiff is not excused from the rules that govern court proceedings.[8] Self-represented litigants and attorneys must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[9] Failure to do so may result in the imposition of

---

[4] *See, generally,* Fed. R. Civ. P. 12(b)(2) (federal district courts must have courts must have personal jurisdiction over the parties); 28 U.S.C. § 1391 (a civil action may be brought in a federal district court in which either the defendant resides or a substantial part of the events giving rise to the claim occurred).

[5] Such pleadings generally contain only two or three sentences, alleging vague misdeeds by alleged defendants. See *Clark v. Rosenthal, et al.,* 3:26-cv-00179; *Ventura v. Vella-Marrone, et al.,* 3:26-cv-00189; *Hartman v. Golden, et al.,* 3:26-cv-00207; *Anderson v. D'Auguste, et al.*, 3:26-cv-00231; *Ford v. Bichotte-Hermelyn, et al.,* 3:26-cv-00188; *Mendez v. Hill-Kearse, et al.,* 3:26-cv-00193; *Dowling v. Komiteei,* 3:26-cv-00197; *Adams v. Jimenez,* 4:26-cv-00008; *Duffy v. Ally, et al.,* 3:26-cv-00222, all filed in the District of Alaska.

[6] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[7] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[8] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[9] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties,

sanctions authorized by law.[10]

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 4th day of November, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to “counsel” or “attorneys” also refer to self-represented parties.”). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[10] *See* Rule 11 of the Federal Rules of Civil Procedure.